Susana Puig **SEGARRA, Plaintiff,**

v.

**UNIVERSIDAD POLITECNICA de PUERTO RICO, Defendant.**

Civ. No. 93–2034(GG)(JA).

United States District Court, D. Puerto Rico.

Sept. 16, 1994.

Roberto L. Córdova, Hato Rey, PR, for plaintiff.

Raymond P. Burgos Santiago, San Juan, PR, for defendant.

## OPINION AND ORDER

ARENAS, United States Magistrate Judge.

This is a civil action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq. 2(a), 4 and 5 (hereinafter "Title VII") and state law against defendant Universidad Politécnica de Puerto Rico wherein plaintiff alleges that she was dismissed from her employment as a professor in retaliation for her complaints of sexual harassment. The claim under the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §§ 12101–12213 has been dismissed. (*See* Docket Nos. 32 and 38.)

Defendant filed a motion requesting denial of trial by jury (Docket No. 35) alleging that the facts from which the claim arose occurred on or before November 21, 1991, when the law was amended to provide for jury trial and compensatory and punitive damages for this cause of action. Defendant argues that since this statute has no retroactive effect, plaintiff is not entitled to trial by jury, punitive damages and compensatory damages in this case. Plaintiff filed a reply (Docket No. 39) alleging that since plaintiff's dismissal from employment as retaliation for her complaints of sexual harassment occurred in July of 1992, there is no retroactive effect of the applicable law.

The parties here base their argument upon *Landgraf v. USI Film Products,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), where the Supreme Court held that section 102 of the Civil Rights Act, which authorizes compensatory damages, punitive damages and trial by jury in Title VII actions, did not apply to a case pending on appeal before its enactment on November 21, 1991. *Id.* at ——, 114 S.Ct. at 1488.

In its motion the defendant directs the court's attention to some "facts from which the claim arose" which according to the complaint and a deposition occurred before the enactment of the applicable law. These facts are alleged "sexual incidents." Nevertheless, as plaintiff argues, there is no controversy that the retaliatory discharge occurred in July 1992, after the applicable law was enacted.

 A statute does not operate retrospectively merely because it is applied in "a case arising from conduct antedating the statute's enactment," but rather when the new provision attaches new legal consequences to events "completed" before its enactment. *Id.* at ——, 114 S.Ct. at 1499 (citations omitted). The elements of a Title VII retaliatory discharge claim are: 1) plaintiff engaged in a protected activity (e.g. complaints of sexual harassment); 2) plaintiff was subsequently discharged from employment; and 3) there is a causal connection between the protected activity and the discharge. *Hoeppner v. Crotched Mountain Rehabilitation Center, Inc.,* 31 F.3d 9, 11–12 (1st Cir.1994); *Hazel v. United States Postmaster General,* 7 F.3d 1, 3 (1st Cir.1993). Since discharge from employment is one of the elements of this cause of action, the claim could not have possibly arisen or been "completed" before plaintiff's discharge in July 1992, which occurred subsequent to the enactment of section 102. Therefore, there is no retroactive effect of section 102 in this case, and plaintiff is entitled to request compensatory damages, punitive damages and trial by jury.

In view of the above, defendant's motion requesting denial of trial by jury (Docket No. 35) is hereby denied.